1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHONG SOOK LIM,                          Case No.  1:21-cv-01734-DAD-BAM

12                Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                              REGARDING DISMISSAL OF ACTION
13         v.
                                              (Doc. 8.)
14   LISA A. MILLER, Ph.D., et al.,

15                Defendants.

16

17         Plaintiff Chong Sook Lim ("Plaintiff"), proceeding pro se and in forma pauperis, initiated

18   this civil rights action pursuant to 42 U.S.C. § 1983 against Lisa A. Miller, Ph.D. and Does 1-53

19   on December 7, 2021.  (Doc. 1.)  On June 17, 2022, the Court screened Plaintiff's complaint and

20   granted her leave to amend within thirty days.  (Doc. 5.)  Plaintiff's first amended complaint, filed

21   on August 16, 2022, is currently before the Court for screening.  (Doc. 8.)

22         **II.      Screening Requirement and Standard**

23         The Court screens complaints brought by persons proceeding in pro se and in forma

24   pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

25   dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

26   granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

27   U.S.C. § 1915(e)(2)(B)(ii).

28   ///

1

1      A complaint must contain "a short and plain statement of the claim showing that the

2      pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

3      required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4      conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

5      *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

6      true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

7      572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

8      To survive screening, Plaintiff's claims must be facially plausible, which requires

9      sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

10      for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

11      *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully

12      is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

13      standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

14      **III.    Summary of Plaintiff's Allegations**

15      Plaintiff brings this action against Defendant Lisa A. Miller, Ph.D., a licensed clinical

16      psychologist. Plaintiff alleges that Defendant Miller specializes in child psychology and does not

17      have the proper expertise to diagnose parents and report to the court.

18      In December 2019, Defendant Miller reported to the Tulare County Family Court that

19      Plaintiff, the mother of minor child Yerin Lim, was "very dangerous as she exhibited symptoms

20      of Munchausen By Proxy Syndrome (MBPS, Factitious Disorder on DSM-V)." (Doc. 8, First

21      Amended Complaint ("FAC"), at p. 3.) Defendant Miller allegedly did not participate in any

22      screening methods to evaluate or diagnose Plaintiff and there were no outstanding reports to

23      support the diagnosis. Defendant Miller recommended that Plaintiff should only be permitted

24      supervised visits with her minor child, of whom she had sole physical custody. Plaintiff contends

25      that this caused damage to her household as a single mother and to her career as a preschool

26      instructor. Plaintiff lost full custody and was permitted supervised visits with her minor child.

27      Plaintiff also has been unable to find a job since 2019 due to Defendant Miller's allegedly false

28      accusations. (*Id.* at 4.)

1       Plaintiff met with Defendant Miller three times, with Defendant Miller suggesting

2   conjoint therapy on July 12, 2019.  Plaintiff asserts that Defendant Miller never requested the

3   minor child's medical records for review when suspecting Plaintiff of MBPS.  Plaintiff also

4   asserts that Defendant failed to meet with Plaintiff individually to assess if Plaintiff needed

5   referral to an adult-specialized counselor, family or group counseling facilities, or to a

6   psychiatrist.

7       Plaintiff claims that Defendant Miller "openly shamed and foul-mothed the Plaintiff in

8   front of her children, going as far as to emailing the Plaintiff's oldest daughter past midnight and

9   threatening to take the Plaintiff, their mother, away from them if they did not "receive [her] help."

10  (FAC at p. 5.)  Plaintiff also claims that Defendant Miller openly talked about the Plaintiff and

11  shared false information with anyone who asked.  (*Id.*)

12      Plaintiff alleges that Defendant Miller does not understand the diagnostic criteria for

13  MBPS or Factitious Disorder.  According to Plaintiff, Defendant Miller was not aware of the

14  change in 2013 from the term MBPS to Factitious Disorder Imposed on Another (FDIA) in the

15  Diagnostic and Statistical Manual of Mental Disorder - V ("DSM-V") and "did not describe the

16  correct diagnostic criterion in her evaluation report to the court in December 2019."  (*Id.*)

17      Defendant Miller's actions reportedly have caused Plaintiff and her family to experience

18  mental distress and trauma.  Plaintiff and her oldest daughter regularly attend counseling sessions.

19  Plaintiff alleges that they were ripped apart from their family members with Defendant Miller's

20  allegedly irresponsible and unethical behaviors.  Plaintiff visited a team of psychiatrists for three

21  months after Defendant Miller's alleged misdiagnosis.  Plaintiff has attended biweekly counseling

22  sessions since 2019.  Plaintiff alleges that Defendant Miller never properly evaluated her, and

23  Plaintiff was not diagnosed with either MBPS or FDIA by other mental health providers or

24  psychiatrists.  (*Id.* at pp. 5-6.)

25      Plaintiff alleges that Defendant Miller reported to the family court from 2020 to 2022 that

26  Plaintiff was not receiving counseling and was mentally unstable.  Defendant Miller never made

27  any contact with Plaintiff and only met regularly with the minor child.  Defendant Miller has not

28  had contact with the rest of Plaintiff's family since 2019.  Plaintiff further alleges that Defendant

1   Miller shared false information and false evaluations to the court "in retaliation to the Plaintiff's

2   concerns about the Defendant's misdiagnosis and breach of confidentiality." (FAC at p. 6.)

3   Plaintiff claims that she has a right to complain about potential malpractice or potential

4   wrongdoing by medical providers.

5          Plaintiff further alleges that Defendant Miller refused to interview and properly evaluate

6   Plaintiff upon request but continued to speculate about Plaintiff's mental condition and spread

7   rumors about Plaintiff's personal life and comments made by the minor child about her parents.

8   Plaintiff claims that Defendant Miller continued to spread false information about Plaintiff to the

9   minor child, past patients, and personally texted Plaintiff's medical providers to bribe them into

10  falsifying information about Plaintiff with her.  Plaintiff also claims that Defendant Miller

11  neglected to review Plaintiff's medical records, breached confidentiality, and committed perjury

12  in Tulare County Family Court.  (*Id.* at p. 8.)

13         Plaintiff further alleges that Defendant Miller shared false information or sensitive details

14  about Plaintiff's family with unrelated third parties who asked about the case and committed

15  perjury to publicize her own biases and narratives about the Plaintiff.  Defendant Miller allegedly

16  threatened Plaintiff's oldest daughter that if Defendant Miller was not involved in the family's

17  life, then Plaintiff would violently murder her own children, and that Plaintiff was not fit to be a

18  healthy mother.  Defendant Miller reportedly did not refer to state, federal, or universal code of

19  ethics, laws, and regulations, and diagnostic criteria to evaluate Plaintiff, whose age and

20  functioning was outside of her expertise.  Plaintiff asserts that she lost her family and

21  opportunities to advance her career because of Defendant Miller's actions.

22         Plaintiff also alleges that Defendant is not a licensed or certified court child custody

23  evaluator.  Defendant Miller was assigned by the family court judge to provide services to the

24  minor child and to participate in the family's therapy sessions.  Defendant Miller's duties were

25  not to evaluate or make recommendations on the Plaintiff's child custody case.  Plaintiff contends

26  that Defendant Miller has used misdiagnosis, false information and heavy speculation about

27  Plaintiff to manipulate court decisions.  Defendant Miller also is alleged to have retaliated against

28  Plaintiff when confronted with wrongdoing.  (*Id.* at 9.)

1   Plaintiff seeks compensatory and punitive damages, along with injunctive relief, related to

2   alleged violations of the First and Fourteenth Amendments.  Plaintiff claims that Defendant's

3   actions violated Plaintiff's rights to privacy and familial association and her right to be free from

4   judicial deception.

5   **IV.    Discussion**

6   **A.  Federal Rule of Civil Procedure 8**

7   Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

8   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

9   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

10   of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

11   (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

12   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

13   at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are

14   not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

15   Plaintiff's complaint is not a short and plain statement of her claims.  It lacks basic

16   factual information regarding what happened and when it happened.  Plaintiff's repetitive and

17   conclusory assertions are not sufficient.  In evaluating whether a complaint states a claim for

18   relief, the Court is not required to "accept as true allegations that are merely conclusory,

19   unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536

20   F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). The complaint must do more than allege

21   "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (internal

22   alteration and quotation marks omitted).  Plaintiff has been unable to cure the Rule 8

23   deficiencies.

24   **B.  Lack of Jurisdiction**

25   Plaintiff presents her claims as a civil rights action against Defendant Miller.  However,

26   to the extent Plaintiff's purpose in bringing this action is to seek modification of child custody

27   orders or modification of the terms and conditions of visitation with her minor child, she may not

28   do so.  Federal courts lack jurisdiction over claims regarding child custody issues because they

1    are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-704 (1992)

2    (holding that the domestic relations exception to federal subject matter jurisdiction "divests the

3    federal courts of power to issue divorce, alimony and child custody decrees."); *see also Peterson*

4    *v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) (stating that "federal courts have uniformly held that

5    they should not adjudicate cases involving domestic relations, including 'the custody of minors

6    and *a fortiori*, right of visitation.' For that matter, the whole subject of domestic relations and

7    particularly child custody problems is generally considered a state law matter"). "Even when a

8    federal question is presented, federal courts decline to hear disputes which would deeply involve

9    them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th

10   Cir.1986). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child

11   custody issues or the status of parent and child or husband and wife. *See Coats v. Woods*, 819

12   F.2d 236, 237 (9th Cir. 1987).

13          In *Coats*, the plaintiff invoked 42 U.S.C. § 1983, and alleged that her ex-husband and

14   others involved in state court proceedings had wrongfully deprived her of custody of her

15   children.  819 F.2d at 237.  Defendants in the action included the plaintiff's former husband and

16   his current wife, their attorney, the court-appointed attorney for the children, a court-appointed

17   psychologist, two court commissioners, two superior court judges, the county, the police

18   department, a school district, and an organization called United Fathers. Because the action at its

19   core implicated domestic relations matters, the Ninth Circuit affirmed the district court's

20   decision to abstain from exercising jurisdiction.

21          Although the instant action does not seek direct adjudication of Plaintiff's parental rights

22   or custody arrangements, the amended complaint, while raising constitutional issues, implicates,

23   at its core, child custody and visitation issues.

24          **C. *Rooker-Feldman***

25          Further, to the extent Plaintiff is challenging the orders of the state court regarding

26   custody or visitation premised on Defendant Miller's reports or testimony, she may not do so.

27   This Court lacks subject matter jurisdiction to review the final determinations of state court

28   dependency proceedings.  *See*, *e.g.*, *Worldwide Church of God v. McNair*, 805 F.2d 888, 890

1    (9th Cir.1986) ("The United States District Court ... has no authority to review the final

2    determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a

3    federal district court does not have subject-matter jurisdiction to hear an appeal from the

4    judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84

5    (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983);

6    *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).   Therefore, Plaintiff's claims relating to

7    child custody and supervised visitation, which presumably arise from state court orders, would

8    be barred by the *Rooker-Feldman* doctrine.  *See Walton v. Hopper,* No. 2:22-cv-00453 JAM AC

9    PS, 2022 WL 837268, at *4 (E.D. Cal. Mar. 21, 2022), ("Child custody and parental rights are

10   quintessentially state law matters that are generally outside the purview of the federal court."),

11   *report and recommendation adopted,* No. 2:22-cv-0453 JAM AC PS, 2022 WL 1506096 (E.D.

12   Cal. May 12, 2022).

13                      **D.  Immunity**

14          "It has long been established that judges are absolutely immune from liability for acts

15   'done in the exercise of their judicial functions."  *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir.

16   2008) (quotation omitted).  The absolute immunity granted to judges has been extended to other

17   public officials "who perform activities that are 'functionally comparable' to those of judges."

18   *Id.*  (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)); *Ryan v. Bilby*, 764 F.2d 1325, 1328

19   n.4 (9th Cir. 1984) ("All those who perform judge-like functions are immune from civil damages

20   liability.").  "With respect to individuals who participate in the judicial process, federal courts

21   have held that quasi-judicial immunity may extend to persons providing child protective

22   services, social workers, psychologists and psychiatrists, therapists, and others." *Deluz v. The L.*

23   *Off. of Frederick S. Cohen*, No. CIV S-10-0809, 2011 WL 677914, at *6 (E.D. Cal. Feb. 17,

24   2011); *see also Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir.1984) (finding psychologist

25   and two psychiatrists who examined child and whose findings were used by the courts to

26   determine what environment best served the interests of the child entitled to immunity); *Howard*

27   *v. Drapkin*, 222 Cal.App.3d 843, 847–61 (1990) (ruling that absolute quasi-judicial immunity

28   extended to independent psychologist who, pursuant to court order, performed evaluation and

                                        7

1    produced nonbinding report regarding a child custody and visitation dispute).  Defendant Miller,

2    as a court-assigned psychologist for the minor child, is similarly entitled to immunity,

3    particularly related to her actions in providing reports and testimony to the court.  *Cf.  Karkanen*

4    *v. California*, No. 17-CV-06967-YGR, 2018 WL 3820916, at *7 (N.D. Cal. Aug. 10, 2018

5    (concluding defendant immune for making custody recommendations as part of her duties as a

6    family court mediator and custody recommending counselor).

7                             **E.  Section 1983**

8          Even if not entitled to quasi-judicial immunity, Defendant Miller is not a proper

9    defendant to the extent Plaintiff premises her claims on 42 U.S.C. § 1983.  "To state a claim

10   under § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the federal

11   Constitution or statutory law, and (2) allege that the deprivation was committed by a person

12   acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

13   Generally, private parties do not act under color of state law for § 1983 purposes. *See Price v.*

14   *Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct by private

15   actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th

16   Cir. 2011). The ultimate issue in determining whether a person is subject to suit under § 1983 is

17   whether the alleged infringement of federal rights is fairly attributable to the state. *Rendell-Baker*

18   *v. Kohn*, 457 U.S. 830, 838 (1982); *see also Huffman v. Cty. of L.A.*, 147 F.3d 1054, 1057 (9th

19   Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under

20   § 1983). Simply put, § 1983 "excludes from its reach merely private conduct, no matter how

21   discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)

22   (citations and internal quotations omitted).

23         Plaintiff has not sufficiently alleged facts to establish that Defendant Miller was acting

24   under color of state law, particularly with regard to alleged actions and conduct by Defendant

25   Miller unrelated to therapy sessions, reports to the court or court testimony.  Indeed, Plaintiff

26   attempts to make clear that Defendant Miller was not a licensed or certified court child custody

27   evaluator and was assigned only to provide services to the minor child and to participate in the

28   family's therapy sessions.

1      **F.  State Law Claims**

2          To the extent Plaintiff is attempting to assert state law claims, the Court declines to

3    screen them in the absence of a cognizable claim for relief under federal law, and will

4    recommend that the district court decline to exercise supplemental jurisdiction over those claims.

5    Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original

6    jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are

7    so related to claims in the action within such original jurisdiction that they form part of the same

8    case or controversy under Article III of the United States Constitution," except as provided in

9    subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed

10   before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v.*

11   *Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction

12   over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28

13   U.S.C. § 1367.

14     **V.     Conclusion and Recommendation**

15         Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8,

16   subject matter jurisdiction is inappropriate, seeks relief from a defendant immune from such

17   relief and fails to state a cognizable claim under section 1983.  Despite being provided with the

18   relevant pleading and legal standards, Plaintiff has been unable to cure these deficiencies and

19   further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

20         Accordingly, for these reasons, it is HEREBY RECOMMENDED that this action be

21   dismissed.

22

23         These Findings and Recommendations will be submitted to the United States District

24   Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days**

25   after being served with these findings and recommendations, Plaintiff may file written objections

26   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

27   and Recommendations."  Plaintiff advised that the failure to file objections within the specified

28   time may result in the waiver of the "right to challenge the magistrate's factual findings" on

1    appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923

2    F.2d 1391, 1394 (9th Cir. 1991)).

3

4    IT IS SO ORDERED.

5        Dated:    **August 23, 2022**                    /s/ *Barbara A. McAuliffe*        _

6                                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28